**No. 60180.**—Quon Quon Company v. United States, protests 144191–K, 164616–K, and 183326–K (Los Angeles).

JOHNSON, Judge: The merchandise involved in these cases, consolidated at the trial, described on the invoices as earthen figures, was imported from Hong Kong on various dates in 1947 and 1948. It was assessed with duty at 70 per centum ad valorem under paragraph 212 of the Tariff Act of 1930, as china, porcelain, or other vitrified ware, painted, colored, or decorated, not specially provided for. It is claimed that the merchandise is properly dutiable at 50 per centum ad valorem and 10 cents per dozen pieces under paragraph 211 of said tariff act as colored earthenware articles, not specially provided for. In the alternative, it is claimed that the merchandise is dutiable at 5 cents per dozen pieces and 25 per centum ad valorem under paragraph 211, as modified by the trade agreement with Mexico, T. D. 50797, in effect at the respective dates of these importations.

The pertinent provisions of the tariff act and of the tariff act, as modified, are as follows:

PAR. 212. China, porcelain, and other vitrified wares, including chemical porcelain ware and chemical stoneware, composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture, * * * statues, statuettes, * * * and all other articles composed wholly or in chief value of such ware, * * * painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, and manufactures in chief value of such ware, not specially provided for, 70 per centum ad valorem. * * *

PAR. 211. Earthenware and crockery ware composed of a nonvitrified absorbent body, * * * including * * * statues, statuettes, * * * and all other articles composed wholly or in chief value of such ware; * * * painted, colored, tinted,

stained, enameled, gilded, printed, ornamented, or decorated in any manner, and manufactures in chief value of such ware, not specially provided for, 10 cents per dozen pieces and 50 per centum ad valorem.

PAR. 211 [as modified by the trade agreement with Mexico, T. D. 50797]. Earthenware and crockeryware composed of a nonvitrified absorbent body, * * * including * * * statues, statuettes, * * * and all other articles composed wholly or in chief value of such ware; any of the foregoing which is earthenware having a body not artificially colored and composed wholly of clay, whether or not of a class or kind specified in any previous trade agreement concluded under the provisions of section 350 of the Tariff Act of 1930:

    *        *        *        *        *        *        *

> Painted, colored, tinted, stained, enameled, gilded, printed, ornamented, or decorated in any manner, and manufactures in chief value of such ware, not specially provided for, 5¢ per doz. pieces, and 25% ad valorem.

> > *Provided,* That if the body of such ware is covered wholly or in part with an engobe or a body slip, the engobe or body slip shall for the purposes of this provision be considered a part of the body.

The principal issue involved herein is whether the merchandise is composed of a nonvitrified absorbent body or of a vitrified nonabsorbent body.

Through Howard T. Fung, a general partner in the firm of Quon Quon Company, the plaintiff herein, there were introduced into evidence four samples of the imported merchandise (plaintiff's exhibits 1, 2, 3, and 4). Plaintiff's exhibit 1 represents merchandise designated as item 4021 of entry 5836 in protest 144191–K, covering 397 pieces in cases 2362 and 2363. Plaintiff's exhibit 2 represents merchandise designated as item 4011 of entry 367 in protest 164616–K, covering 1,556 pieces. The witness stated that all of the figures designated by this item number were of the same size, shape, and material, differing only as to the color of the glaze.

Plaintiff's collective exhibit 3 represents samples of merchandise designated as item 4012 and item 4031 of certain entries not involved herein, but which the witness testified were the same in all material respects as the merchandise designated as item 4013 and item 4030 of entry 5248 in protest 183326–K.

Plaintiff's exhibit 4 represents merchandise designated as item 4053 of entry 5248 in protest 183326–K, which the witness testified was returned by the examiner at the rate of 50 per centum ad valorem and 10 cents per dozen pieces.

Milton See, a merchant in the oriental art business, testified that he had seen similar articles manufactured in Seckwon, China, about 15 years ago. He said that such articles have been made in China for several hundred years and that they represent different gods, identified by their costumes. They are all manufactured in the same way, being made from clay from the surrounding territory and baked in a community kiln, where a fire of wood and straw is made. According to the witness, the temperature obtained is not high and the articles are not fired a long time. In his opinion, the articles are earthenware, being porous or absorbent. He said that vitrified articles are made of a much finer type clay and more heat is applied in firing them.

At the conclusion of the testimony, a request was made and granted that the exhibits be submitted to the United States Customs Laboratory in New York to determine whether they were vitrified or not.

At a subsequent hearing, the laboratory report of the analysis made was introduced into evidence (plaintiff's exhibit 5). It states:

The samples marked plaintiff exhibits #1, 2, 4, have a nonvitrified, absorbent body. In our opinion, they are porous and nonvitreous, and have been fired at a temperature too low to vitrify them.

The samples marked Collector exhibits #3—item 4012 and item 4031 respectively, have a vitrified, nonabsorbent body. In our opinion, they are vitreous and nonporous, and have been fired at a temperature high enough for vitrification.

Counsel for the plaintiff then stated:

MISS SHOSTAK: By reason of the results of the analysis as indicated in the laboratory report I offer to stipulate that the following items are composed of earthenware having a porous nonvitrified absorbent body: In Protest 144191–K, entry 5836, case 2362, item 4021, and in Protest 164616–K, entry 367, item 4011 contained in cases 3138 to 3141, inclusive, and in case 3147 and 3149.

MR. SPECTOR: So agreed.

MISS SHOSTAK: With respect to item Nos. 5012 [sic] and 4031, which the analysis indicates as having a vitrified nonabsorbent body, plaintiff abandons all claims as to such items wherever they appear on the invoices attached to the entries covered by these suits.

Plaintiff further offers to stipulate that with respect to each other item number on the invoices covering the merchandise described as earthen figures assessed with duty at 70 percent, covered by the invoices attached to the entries the subject of this suit as enumerated in the schedule which I will offer in evidence, that 75 percent thereof are composed of earthenware having a porous and nonvitrified absorbent body and that 25 percent thereof have a vitrified nonabsorbent body.

MR. SPECTOR: So agreed.

The schedule referred to was offered in evidence as plaintiff's exhibit 6.

In view of this stipulation and on the record presented, we hold that the merchandise designated as item 4021 of entry 5836 in protest 144191–K, in cases 2362 and 2363,[1] and the merchandise designated by item 4011 of entry 367 in protest 164616–K, in cases 3138 to 3141, inclusive, and in cases 3147 and 3149 is properly dutiable at 10 cents per dozen pieces and 50 per centum ad valorem under paragraph 211 of the Tariff Act of 1930 as colored earthenware articles.

No proof has been offered as to the composition of the merchandise designated by item numbers not represented by the exhibits nor has any evidence been presented showing whether or not all the merchandise under each such item number was of the same composition. It has been stipulated, however, that 75 per centum of the merchandise designated by each item number was composed of earthenware, having a porous and nonvitrified absorbent body, and that 25 per centum of the merchandise designated by each such item number had a vitrified nonabsorbent body. This stipulation establishes the facts of the case, and, so long as it stands, is binding upon the parties and the court. *Smith & Nichols (Inc.)* v. *United States*, 18 C. C. P. A. (Customs) 16, T. D. 43974; *North American Mercantile Co.* v. *United States*, 18 C. C. P. A. (Customs) 74, T. D. 44030; *Pacific Trading Co.* v. *United States*, 19 C. C. P. A. (Customs) 361, T. D. 45508; *H. A. Whitacre, Inc.* v. *United States*, 22 C. C. P. A. (Customs) 623, T. D. 47615. Whether or not the invoice descriptions are in accord with the stipulation may not be considered by the court since (1) the invoices have not been offered or received in evidence (*W. T. Grant Company* v. *United States*, 38 C. C. P. A. (Customs) 57, C. A. D. 440); (2) even though the invoice descriptions are presumptively correct, the importer is not precluded from showing the incorrectness of such descriptions by testimony or by stipulation (*United States* v. *Wo Kee & Co.*, 21 C. C. P. A. (Customs) 341, T. D. 46880; *Alfred Hornung* v. *United States*, 31 Cust. Ct. 126, C. D. 1558); and (3) the court is not at liberty to consider testimony or other evidence, if any, tending to establish facts contrary to the stipulation (*United States* v. *Cartier, Inc.*, 20 C. C. P. A. (Customs) 215, T. D. 45994; *H. A. Whitacre, Inc.* v. *United States, supra*).

We hold, therefore, that 75 per centum of the merchandise designated by each item number enumerated in the schedule. attached hereto and made a part

---

[1] Case No. 2363 was not referred to in the stipulation, but, according to the witness Fung and the invoice, merchandise designated as item 4021 was contained therein.

hereof, is dutiable at 10 cents per dozen pieces and 50 per centum ad valorem under paragraph 211 of the Tariff Act of 1930 as colored earthenware articles and that 25 per centum of the merchandise designated by each such item number is dutiable at 70 per centum ad valorem under paragraph 212 of said tariff act as colored vitrified ware.

To that extent, the protests are sustained. As to all other items and in all other respects, the protests are overruled.

Judgment will be rendered accordingly.

### DISSENTING OPINION

DONLON, Judge: I concur in so much of the majority decision as relates to the merchandise designated as item 4021 of entry 5836, in cases 2362 and 2363, protest 144191–K, and the merchandise designated as item 4011 of entry 367, in cases 3138 and 3141, inclusive, and cases 3147 and 3149, protest 164616–K. I do not concur in the rest of the majority decision.

Counsel stipulated in open court that 75 per centum of the merchandise in each other item number, described as earthen figures, is composed of earthenware having a porous and nonvitreous absorbent body, and that 25 per centum of such merchandise has a vitreous nonabsorbent body. Far from supporting this stipulation, the facts are such that, in my opinion, they weigh heavily against the stipulated facts.

Typical is case number 2363, of entry 5836, under protest 144191–K, item 4018. This merchandise is described in the invoice as 20 pieces of earthen figures, 10 inches; the invoice price is $2.50 each, a total price of $50 for the 20 pieces. There is nothing to suggest that three fourths of these figures, precisely, are of one composition and one-fourth, precisely, of another composition, significant for tariff classification.

Under protest 164616–K, entry 909, case numbers 3338 to 3343, inclusive, item number 4014 is described in the invoice as 6 cases, 864 pieces, of colored earthen figures (seated), 6 inches, invoiced at $1.20 each, a total of $1,036.80.

It is unnecessary to recite all the merchandise which the stipulation, by percentages, arbitrarily distinguishes into two groups for purposes of tariff classification.

The evidence in the invoices and other official papers of record fails to support the distinction that has been stipulated. Indeed, it negatives that distinction. While great weight should be given to a stipulation of facts, it is in this case a part only of the proofs of record.

### SCHEDULE