BEFORE THE THIRD DIVISION, MAY 9, 1958

**No. 61909.**—Quon Quon Company *v.* United States, protests 138983–K, etc. (Los Angeles).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the items of merchandise marked "A" consist of decorated earthen figures similar in all material respects to exhibits 1, 2, and 4 the subject of Abstract 60180, the claim at 10 cents per dozen pieces and 50 percent ad valorem under paragraph 211 as colored earthenware articles was sustained as to said items. It was further stipulated that the items marked "B" consist of decorated earthen figures similar in all material respects to the merchandise, other than exhibits 1, 2, and 4, the subject of Abstract 60180. As to said articles, 75 percent of the merchandise represented by each such item was held dutiable at 10 cents per dozen pieces and 50 percent ad valorem under paragraph 211 as colored earthenware articles, and 25 percent of such merchandise was held dutiable at 70 percent under paragraph 212 as colored vitrified ware.

DISSENTING OPINION

DONLON, Judge: I concur in so much of the majority decision as relates to merchandise represented by the items marked with the letter "A" and the initials of the examiner on the invoices accompanying the entries covered by these protests.

In *Quon Quon Company* v. *United States*, 37 Cust. Ct. 315, Abstract 60180, the record of which is incorporated in the record now before us, I dissented in part, and I again dissent from so much of the majority decision here as relates to merchandise represented by the items marked with the letter "B" and the initials of the examiner on the invoices accompanying the entries covered by these protests.

There is nothing of record in connection with the "B" items of merchandise that indicates such difference in composition as would support the arbitrary designation of 75 percent of each such item as being colored earthenware articles and 25 percent of each such item as being colored vitrified ware, with related tariff consequences. How improbable such an arbitrary division would be, is pointed up in at least one such lot of merchandise. Item 4017 consists of 149 earthen figures. The stipulation before us would have us find that 111¾ of these figures are colored earthenware articles and that 37¼ of these figures are articles made of colored vitrified ware. Absent more particular proofs, the stipulated facts as to the figures of "B" items put too heavy a tax on credulity.

As pointed out in my dissenting opinion in the incorporated case, great weight is to be given to a stipulation of facts, but a stipulation is not conclusive of the facts. The court may inquire. Here, as in the *Quon Quon Company* case, *supra*, the items of merchandise described in the invoices as identical are not shown to be, in fact, so considerably different as the stipulation would have us believe.